# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ARNALDO LUGO-FERNANDEZ,**

    **Plaintiff,**

**VS.**                                          **Case No. 4:16cv242-WS/CAS**

**JULIE JONES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se and with in forma pauperis status, has filed a third amended complaint. ECF No. 12. This version of Plaintiff's complaint has been reviewed as required by 28 U.S.C. § 1915A. Further opportunities to amend should not be provided.

Plaintiff lists eleven Defendants in this civil rights action challenging medical care Plaintiff received in January 2013. ECF No. 12 at 7. Plaintiff alleges that four of Defendants mis-diagnosed his bleeding ulcer. *Id.* Plaintiff contends that the Defendants "neglect" caused him great harm, including the loss of hearing in his left ear when Plaintiff fell and hit his "ear against the sink so hard that it busted the ear drum . . . ." *Id.* Plaintiff also

contends that other Defendants acted "with neglect" when they discharged him from Jackson Memorial Hospital back to North Florida Reception Medical Center. ECF No. 12 at 8. Plaintiff claims that he was improperly returned to open population. *Id.*

Plaintiff alleges that after being returned to the institution, he reported to sick call several times before he was rushed back to Jackson Memorial for a "second surgery of the same bleeding ulcer that someone did not clip correctly . . . ." *Id.* Plaintiff contends that if "someone" had "done their job correctly from the beginning," the second surgery could have been avoided. *Id.*

As Plaintiff has been previously advised, *see* ECF Nos. 5 and 9, a complaint alleging that medical staff mis-diagnosed his medical problem is insufficient to state a claim. Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Although a bleeding ulcer may constitute a serious medical need, Plaintiff's complaint does not allege deliberate indifference by the Defendants.

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference.  *Id.*  Deliberate indifference is the culpable state of mind of a defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need.  Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  However, providing medical care which is alleged to be negligent or even malpractice is not enough to constitute deliberate indifference.  See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000).  It has long been established that "[t]he inadvertent or negligent failure to provide adequate medical care 'cannot be said to constitute 'an unnecessary and wanton infliction of pain.'"  Estelle, 429 U.S. at 105–06, 97 S.Ct. 285 (quoted in Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Without more, Plaintiff's claims that Defendants mis-diagnosed him does not rise to the level of an Eighth Amendment claim.  *See* McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (holding that although "failure

to diagnose can be deemed extremely negligent, it does not cross the line to deliberate indifference."). Plaintiff has not provided sufficient facts which show that any Defendant was deliberately indifferent to his medical needs. Taylor, 221 F.3d at 1258. No specific facts have been alleged which show any Defendant was more than negligent. Accordingly, Plaintiff's claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**